UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

GAIL RAY DIGNAM

CRIMINAL ACTION

NO. 10-20-JJB-CN

## **RULING ON MOTION TO DISMISS INDICTMENT WITH PREJUDICE**

Defendant has moved for dismissal of her indictment for mail fraud due to an alleged violation of the Speedy Trial Act. A hearing was held and the parties have briefed the issue at length. No further hearing is needed. For the reasons stated below, the Court finds there was no violation of the Speedy Trial Act and therefore the Motion to Dismiss is DENIED.

## **THE SPEEDY TRIAL ACT**

Under the Speedy Trial Act ("The Act"), the government has 70 days from the date of the indictment or from the defendant's initial appearance, whichever occurs last, to bring a defendant to trial. 18 U.S.C. § 3161(c)(1). The defendant made her initial appearance on March 1, 2010. Thus, the speedy trial clock began to run that day. Absent an interruption, the 70-day limit expired on May 10, 2010. The Act allows that certain delays should not be included in calculating this period. 18 U.S.C. § 3161(h). A continuance granted on the basis of the ends of justice is one such excludable delay. 18 U.S.C. § 3161(h). When granting such a continuance, the court is to consider several factors. 18 U.S.C. §

1

3161(h)(7)(B). Of those factors, two apply to the present case: (i) Whether the failure to grant such a continuance in the proceeding would be likely to make continuation of such proceeding impossible, or result in a miscarriage of justice; and (iv) Whether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §§ 3161(h)(7)(B)(i)-(ii).

The Supreme Court has held that, while the reasons for granting the delay must exist in the judge's mind at the time of granting the continuance, "the Act is ambiguous on precisely when those findings must be set forth in the record." *Zedner v. United States*, 547 U.S. 489, 506-07 (2006). At the very least, the Court held, "the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss." *Id*. at 507. The Fifth Circuit has held that when a district court, in denying such a motion, "emphasizes that the following findings were made 'in the judge's mind' before granting the continuance" and proceeds to set forth the reasons in the record, "was sufficient to satisfy the requirements of [the Act]." *United States v. McNealy*, 625 F.3d 858, 863 (2010). The entirety of the reasons set forth by the *McNealy* district court are as follows:

> "In this case, the defendant requested, and was granted, additional time for his counsel to prepare for trial. The Court found that to deny the continuance would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice would be served by

> granting the continuance requested by the defendant. The Court also found that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the defendant in a speedy trial."

*Id.* at n. 11. With these principles in mind, the Court will examine the timeline of the case in order to determine if the 70-day Speedy Trial Act limit has been exceeded.

## **THE FIRST CONTINUANCE**

The original trial was set for May 10, 2010, the last day of the 70-day delay allowed under the statute. On April 19, 2010, the defendant filed a Motion to Continue. (Doc. 8). The following facts were asserted in the motion: Defendant's then-counsel Mr. Anthony Bertucci was scheduled for a total hip replacement surgery on April 21, 2010; he would be unable to adequately prepare for the May 10, 2010 trial due to his diagnosis and prognosis; the prosecutors and the defendant did not object to the continuance. (Doc. 8)[1]. In granting the motion, Judge Tyson's order, filed on April 26, 2010, states:

> "It is ordered that the Court finds the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, therefore, the motion to continue is granted and the trial of this matter is reassigned for Wednesday, August 11, 2010 at 9 a.m. Requested voir dire and proposed jury charges shall be filed not later than Wednesday, July 28, 2010."

---

[1] This motion was amended (doc. 9) to note that the United States itself did not object to the Motion to Continue.

(Doc. 11). Although the order does not state the factual findings for granting the continuance, the Court finds that the record is clear that, at the time he granted the continuance, the following reasons existed in Judge Tyson's mind: Due to counsel's hip replacement surgery less than one month before trial, to deny the continuance would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the defendant in a speedy trial. Therefore, the continuance excluded the delay period from when the motion was filed, April 19, 2010, until the reset trial date, August 11, 2010[2]. At this point, 49 days had passed, leaving the government with 21 days from August 11, 2010 to bring the defendant to trial.

## THE SECOND CONTINUANCE

On July 2, 2010, the defendant again filed a motion to continue. (Doc. 12). The following facts were asserted in the motion: Mr. Bertucci's surgery had been rescheduled from April 21, 2010 to May 18, 2010; the surgery was successful, however, the recovery period has hampered Mr. Bertucci's ability to adequately prepare for the August 11 trial; neither the defendant nor the government objected to the motion to continue. (Doc. 12). On July 14, 2010, Judge Tyson issued an order granting the continuance. It used the same wording as in his

---

[2] Defendant claims in her Supplemental Brief in Support of her Motion to Dismiss that there was no new date set upon the issuance of the first continuance. Although the Order issued on April 21 (doc. 10) did not set a date, the order issued on April 26 (doc. 11) clearly did set a new date. Defendant is advised to investigate the record more closely before making such misstatements in the future.

4

previous order, although not specifying a future trial date, stating only "the trial of this matter will be reassigned at a later date." (Doc. 13).

Although the order does not state the reasons for granting the ends of justice continuance, the Court finds that the record is clear that, at the time he granted the continuance, the following reasons existed in Judge Tyson's mind: Due to the delay of defense counsel's total hip replacement surgery by nearly one month and the recovery period, to deny the continuance would have deprived the defendant of reasonable time necessary for effective preparation, and that the ends of justice served by the granting of the continuance outweighed the best interests of the public and the defendant in a speedy trial. Therefore, the continuance granted on July 14 also tolled the speedy trial clock. As the clock had not yet restarted from the first continuance, there were still 21 days left on the 70-day clock.

In her reply to the government's opposition to her Motion, defendant claims the second continuance, because it set no trial date, was an indefinite continuance. She claims that between July 2, 2010 and February 24, 2011, "absolutely nothing happened" and that this time should not be excluded. (Doc. 65-2 at 2). Defendant is incorrect in her assertion. The Court notes there were several important events that occurred during this period: On July 14, Judge Tyson granted her motion to continue (doc. 13); on November 12, Judge Tyson set a new trial date for February 28, 2011 (doc. 14); on February 14, the government submitted proposed jury instructions and voir dire questions (docs.

16 and 17); and on February 16, the defendant filed a Notice of Intent to Enter Plea (doc. 18).

Defendant points to a case, *United States v. Jones*, to show that such a long delay between a Motion for Continuance and a trial date can be grounds for a speedy trial violation. Doc. 65-2 at 2, citing *Jones*, 56 F.3d 581 (5th Cir. 1995). This case is inapposite: in *Jones*, the district court did not move on the motion to continue for more than a year and the grounds upon which it was belatedly granted were not considered until the court granted it. Judge Tyson acted promptly on the motion and the record clearly shows he had performed the ends of justice analysis at the time he granted the continuance. This does not fit the "rather extreme circumstances" of the *Jones* case. 56 F.3d at 584-85. The Court notes that defendant fails to mention language in Jones that directly fits this case and defeats her argument: "We do not mean to suggest, however, that a district court never has the authority to grant an open-ended continuance, merely that such a continuance . . . must be adequately justified by the circumstances of the particular case." *Id.* at 585-86. The Court finds the four-month delay between granting the continuance and the setting of the new trial date was not unreasonable. Therefore, the entire period between July 14 and February 28, the new trial date, was excluded[3].

## THE NOTICE OF INTENT TO ENTER PLEA (doc. 18)

---

[3] The Court also notes Defendant dismisses McNealy too lightly. The case is directly on point and controls this case.

Defendant points to no case law to support her position that a plea agreement not actually submitted to the court could not be "under consideration" and thus does not qualify as an excluded delay period as intended by 18 U.S.C. § 3161(h)(1)(G). The Court can find no support for this argument. While defendant makes an interesting point, the term "under consideration" is a term of art meaning the Court is aware that the parties are negotiating a plea agreement that the Court will examine with the defendant at her rearraignment. Therefore, the Notice of Intent to Plea is enough to put the Court on notice and thus trigger the excludable delay envisioned by 18 U.S.C. § 3161(h)(1)(G).

The Court finds this notice, the several continuations of the Rearraignment, and the subsequent motions the defendant has filed all have tolled the speedy trial clock.

## CONCLUSION

For the above reasons, defendant's Motion to Dismiss with Prejudice is DENIED. As all of the periods of delay from the date of the first continuance, April 19, were excludable under the statute, the speedy trial clock has tolled at 49 days.

Signed in Baton Rouge, Louisiana, on September 21, 2011.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**